**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FABIAN THOMAS** | ) | |
| | ) | |
| **v.** | ) | **3-06-CV-899-M** |
| | ) | |
| **JOANN JOHNSON, CHAIRMAN** | ) | |
| **NATIONAL CREDIT UNION** | ) | |
| **ADMINISTRATION** | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On this date came on to be considered Plaintiff's motion for default judgment filed on October 31, 2006, Plaintiff's response filed on November 22, 2006, to the court's show cause order and Defendant's response to the court's show cause order filed on January 25, 2007, and the magistrate judge finds and recommends as follows:

Fabian Thomas, proceeding pro se, filed his complaint in this case on May 19, 2006. On October 31, 2006, he filed his motion for default judgment. Among the papers and pleadings in this action is a return of process indicating that the summons and complaint was mailed to Defendant via U.S.P.S. priority mail with signature confirmation reflecting that the same was delivered on May 24, 2006. Because it did not appear that the service on which Plaintiff's motion for default judgment complied with the requirements of Rule 4(i)(2)(A) and that more than 120 days had passed after the date on which the complaint was filed the court issued its order on November 6, 2006, directing Plaintiff to show cause why his complaint should not be dismissed pursuant to Rule 4(m).

In his response filed on November 22, 2006, Plaintiff concedes that he made no attempt to effect complete service as required by Rule 4(i)(2)(A) prior to service on the Attorney General of the United States on November 6, 2006, more than 50 days after the 120 day period for service of process expired.

In Defendant's response filed on January 25, 2007, she asserts that because Plaintiff's service is defective and because complete service was not effected on or before September 17, 2006, Plaintiff's complaint should be dismissed without prejudice.

Rule 4(m) provides that the court shall dismiss a complaint without prejudice if service is not effected within 120 days after its filing absent good cause for the plaintiff's failure to effect service.  See e.g. Thompson v. Brown, 776 F.2d 1304, 1306 (5th Cir. 1985), citing with approval Wright & Miller Federal Practice & Procedure: Civil § 1165, noting that "[G]ood cause ... would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake ... or ignorance of the rules usually does not suffice ..."  The court further cited its prior opinion in Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981), wherein the court held that a pro se litigant's self-representation does not exempt him from compliance with the relevant rules of procedure and that the excusable neglect standard is a strict one requiring more than mere ignorance.  See also Systems Signs Supplies v. U.S. Department of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Plaintiff's response at page 2, suggests that he made no effort to familiarize himself with the provisions of Rule 4 which pertain to service on a federal official and only learned of the service requirements upon his receipt of the court's show cause order, demonstrating nothing more than mere ignorance of his obligations.  Moreover, the attempt to serve Defendant via priority mail on May 24, 2006, does not comply with Rule 4(a)(2)(B), nor does priority mail service on the Attorney General comply with Rule 4(i)(1)(B) which requires service by "registered or certified mail."  Finally, the attempted service on the United States Attorney for the Northern District of Texas on October 31, 2006, does not comply with the requirements of Rule 4(i)(1)(A).

2

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Plaintiff's complaint in this action be dismissed without prejudice pursuant to the provisions of Rule 4(m), and that Plaintiff's motion for default judgment be dismissed as moot or in the alternative be denied.

A copy of this recommendation shall be transmitted to Plaintiff and Assistant United States Attorney James P. Laurence.

SIGNED this 28th day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.